

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MONITRONICS INTERNATIONAL, INC. | § § § | |
| Movant, | § § | Cause No. _____ 10907 |
| v. | § § | |
| SECURITY ALARM FINANCING ENTERPRISES, L.P., | § § § | 3-07MC0044-M |
| Respondent. | § § | |

## MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE COURT:

Plaintiff, Monitronics International, Inc. ("Monitronics"), seeks protection from the subpoena served upon it by Security Alarm Financing Enterprises, L.P., ("SAFE") a California Corporation, and, in support of such relief, would respectfully show the Court as follows:

### PARTIES AND SERVICE

1. Monitronics is a Texas corporation with its principal place of business in Dallas, Dallas County, Texas.

2. Upon information and belief, SAFE is a California corporation, with its principal place of business in San Ramon, California.

3. Upon information and belief, Central Security of North LA, L.L.C. (hereinafter "Central Security") is a Louisiana corporation, with its principal place of business in Farmerville, Louisiana.

4. SAFE has filed suit in the Western District of Louisiana against Central Security of

North LA, L.L.C. (hereinafter the "Louisiana Proceeding"). Pursuant to F.R.C.P. 45, the federal district court for the Northern District of Texas, Dallas Division, issued a subpoena upon the custodian of records for Monitronics. A true and correct copy of the subpoena is attached hereto as Exhibit "A". When a non-party from whom discovery is sought is served with discovery requests pursuant to a subpoena, that party is entitled to seek a protective order as provided in F.R.C.P. 45(c)(2 &3). When a protective order is sought as applied for herein, service may be effectuated pursuant to F.R.C.P. 5(b), which permits service upon a party's attorney in person, leaving a copy at the attorney's office with a clerk or other person in charge, or by mailing a copy to the last known address of the person served. Service has been effectuated as to this Motion as reflected in the certificate of service contained at the conclusion of this Motion.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction and venue over this matter pursuant to F.R.C.P. 45(c)(3)(A), which provides that on timely motion, the court by which a subpoena was issued is authorized to quash or modify the subpoena.[1] As the subpoena in controversy was issued to Monitronics through the Northern District of Texas, jurisdiction and venue properly rest in this Court.

## MOTION FOR PROTECTIVE ORDER

*Background*

6. Monitronics is in the business of providing security services to various residential and business customers ("Subscribers") throughout the United States. One method of obtaining such

---

[1] "Any motion to quash or modify a subpoena, . . . is decided by the issuing court, not the court before which the underlying action is pending." *Houston Bus. Journal, Inc. v. Office of Comptroller*, 86 F.3d 1208, 1212 (D.C. Cir. 1996)

MOTION FOR PROTECTIVE ORDER – Page 2

customers involves Monitronics entering into contractual relationships with various independent entities ("Dealers"), which sell and install alarm monitoring systems and establish alarm monitoring contractual relationships with the owners of those systems. By entering into contractual arrangements with these Dealers, Monitronics is contractually granted a right of first refusal to purchase the right to monitor the security systems of those customers, and if purchased, to collect and bill upon the revenue stream generated from the monthly monitoring fees associated with the term of the monitoring contract with the Subscriber. The monitoring contracts typically entered into with Subscribers are for a stated term, while the amount paid to the Dealers for those contracts is typically in amounts substantially greater than the sum to be paid over the remaining term of the contracts being acquired. One of the Dealers with whom Monitronics entered into such a contractual relationship was Central Security. As such, Monitronics purchased certain accounts from Central Security pursuant to an Alarm Monitoring Purchase Agreement ("AMPA").

7.      The Louisiana Proceeding is a case involving allegations that Central Security and Central Cellular, its alleged predecessor or affiliated company, defrauded creditors by transferring substantial business assets from Central Cellular to Central Security, misappropriated trade secrets of SAFE enabling Central Security to solicit customer accounts purchased by SAFE, and that Central Security sold alarm monitoring accounts in violation of various SAFE financial, security, and/or contractual interests, including the sale of some of those accounts to Monitronics. Central Security has denied any and all of the allegations made by SAFE. In its subpoena directed to Monitronics, SAFE seeks to obtain substantial and wide-ranging documentation relating to the various transactions between Monitronics and Central Security, wherein Monitronics purchased and had assigned to it various subscriber monitoring contracts previously held by Central Security.

8. As early as May of 2005, SAFE notified Monitronics of possible issues surrounding accounts sold by Central Security to Monitronics, as well as accounts being monitored by Monitronics on behalf of Central Security. SAFE issued subpoenas directed to Monitronics in both June of 2006 and September of 2006. Both of those subpoenas were ultimately withdrawn, due to on-going disputes between SAFE and Central Security as to what documents, if any, Monitronics was to produce and the purpose for which SAFE intended to use the requested documents and information, as well as issues surrounding bankruptcy stays, and other issues amongst the primary parties to the Louisiana Proceeding.

9. SAFE directed its third subpoena to Monitronics, the subpoena at issue herein, on February 9, 2007. Due to the above-referenced on-going disputes, SAFE granted Monitronics several extensions of the subpoena response date, the last extension requiring Monitronics to comply by April 30, 2007. Monitronics has participated in substantial negotiations with both SAFE and Central Security in an attempt to narrow the scope of the subpoena, as well as to determine the uses intended for the subpoenaed documents and information. The negotiations have been unsuccessful, specifically as to the scope of the documents and information sought, the ability of SAFE to come back and request that Monitronics produce additional documents and information under the February 9th subpoena, and the provisions of the protective order related to these same issues. Despite these efforts, neither Monitronics, SAFE, nor Central Security have been able to reach an agreement as to the protective order sought herein.

*Argument*

10. Pursuant to F.R.C.P. 45(c)(3)(B), if a subpoena requires disclosure of trade secrets or other confidential research, development, or commercial information, or requires a person who

is not a party to incur substantial expense, the court may, to protect a person subject to such subpoena, quash or modify the subpoena. Moreover, "under [F.R.C.P.] 45(d), a nonparty subpoenaed for testimony and production of documents may move for a protective order under [F.R.C.P.] 26(c)."[2]

11. The subpoena served on Monitronics essentially requests Monitronics to produce, by way of example, (1) documents related to the purchase of Alarm Monitoring Contracts or similar agreements for the provision of alarm services from Central Security, including its principals and affiliates ("hereinafter referred to as "purchased accounts"), and (2) documents related to the monitoring of electronic alarm systems on behalf of customers/subscribers of Central Security, including its principals or affiliates (hereinafter referred to as "contract monitored accounts"). The documentation and information related to contract monitored accounts requests information concerning accounts that Monitronics does not own, but which are, in fact, owned by Central Security. Such information raises the privacy concerns of Central Security which entrusted Monitronics with its customers' account and security system information, as well as Central Security's customers who provided such information to Central Security in the confidence that such information would be protected.

12. The documentation requested by SAFE also contains highly proprietary and confidential information related to Monitronics' business. Monitronics believes such information is sensitive not only to its continued operations, but to the privacy concerns of the customers which have entrusted Monitronics with sensitive account information, not to mention the operational aspects of the customers' security systems. Third parties' privacy rights in confidential, private

---

[2] *See e.g. Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322-23 (Fed. Cir. 1990).

MOTION FOR PROTECTIVE ORDER – Page 5

financial information and operational details of individual security systems should be preserved, and should only be released where absolutely essential to the claims, and then only with assurances of confidentiality. For example, SAFE demands that Monitronics produce specified alarm monitoring contracts and all documents related to these accounts. These documents contain customer names, addresses, and phone numbers, as well as sensitive and private information such as payment history, direct payment authorizations, and account passwords.

13. Further, complying with this subpoena would require Monitronics to divulge its confidential and proprietary business information, trade secrets, and/or strategies, which enable it to successfully compete against its competitors, including SAFE, Central Security and other third parties. Such information should not be released except where absolutely essential to claims and then only with adequate assurance that such information will not be used against Monitronics in the marketplace. Without further protection orders from this Court, Monitronics should not be required to produce any of the requested documents because the need for protecting Monitronics' confidential information, third parties' information, and the information of Central Security far outweigh any relevance that such information would have to the litigation.

## CONCLUSION

14. As a result, Monitronics respectfully requests that this Court grant this Motion for Protection, granting protection from and limiting the discovery sought by SAFE pursuant to the subpoena referenced above, as well as entry of the attached protective order.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Monitronics requests that Monitronics' motion for protective order be sustained, that compliance be limited accordingly, and for such other and

further relief, whether general or special, at law or in equity, to which Monitronics shows itself justly entitled to receive.

Respectfully submitted,

CULP, DYER & HALPERN LLP
222 E. McKinney
Suite 220
Denton, Texas 76201
Telephone: (940) 484-2236
Telecopier: (940) 484-4436

By: */s/ M. Carlson*
Marc S. Culp
State Bar No. 05212700
Benjamen S. Dyer
State Bar No. 00795332
Susan M. Halpern
State Bar No. 08805400
Angela J. Hindman
State Bar No. 24046080
Margaret J. Carlson
State Bar No. 24055265

ATTORNEYS FOR PLAINTIFF,
MONITRONICS INTERNATIONAL, INC.

### CERTIFICATE OF CONFERENCE

This is to certify I conferred with counsels for SAFE and counsels for Central Security on March 28, 2007 and April 19, 2007 regarding the matters made the basis of this Motion and the relief requested herein, and no agreement could be reached as to the scope of the subpoena nor the provisions of the protective order requested herein.

*/s/ M. Carlson*
Margaret J. Carlson

## CERTIFICATE OF SERVICE

This is to certify that on the 27th day of April, 2007, a true and correct copy of the foregoing instrument was served via certified mail, return receipt requested to the following: W. Michael Adams, Blanchard, Walker, O'Quin & Roberts, 1400 Chase Tower, 400 Texas St., Shreveport, Louisiana 71101; Kurt E. Kramer, Klenibard, Bell & Brecker, L.L.P.,1900 Market Street, Suite 700, Philadelphia, PA 19103; George M. Snellings, IV, Nelson, Zentner, Sartor, & Snellings, L.L.C., 1507 Royal Ave., P.O. Box 14420, Monroe, LA 71207-4420; Michael DuBos Breighaupt, Dunn, DuBos, Shasts, Wolleson, 1800 Hudson Lane, Community Trust Bank, Suite 200A, Monroe, LA 71201.

_____
Margaret J. Carlson



# EXHIBIT "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

## SUBPOENA TO PRODUCE DOCUMENTS OR THINGS

| | |
|---|---|
| SECURITY ALARM FINANCING ENTERPRISES, L.P. VERSUS CENTRAL SECURITY OF NORTH-LA, L.L.C., ET AL | CIVIL ACTION NO. 06-713 WESTERN DISTRICT OF LOUISIANA JUDGE JAMES MAGISTRATE JUDGE HAYES |

**TO:** Monitronics International, Inc.
2350 Valley View Ln
Dallas, TX 75234

YOU ARE HEREBY COMMANDED to produce the documents or things described below at the place, date and time specified below.

| | |
|---|---|
| **PLACE:** Blanchard, Walker, O'Quin & Roberts Suite 1400, Chase Tower Shreveport, Louisiana 71101 | **DATE AND TIME:** 10:00 A.M., March 2, 2007 |

**DOCUMENTS OR THINGS TO BE PRODUCED** are described on Exhibit A, attached hereto and made a part hereof. Definitions applicable to the documents to be produced in response to this subpoena are set forth on Exhibit B, attached hereto and made a part hereof.

Questions relative to this subpoena may be addressed to:

| | |
|---|---|
| Attorney | :W. Michael Adams |
| Address | :Blanchard, Walker, O'Quin & Roberts |
| | :P. O. Drawer 1126 |
| | :Shreveport, Louisiana 71163 - 1126 |
| Telephone | :(318) 221-6858 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

By: _____
(Attorney or Clerk of Court)

**(OVER)**

## EXHIBIT A

**DOCUMENTS OR THINGS TO BE PRODUCED:**

1. The purchase of Alarm Monitoring Contracts or similar agreements for the provision of alarm services from Jayne Green.

2. The purchase of Alarm Monitoring Contracts or similar agreements for the provision of alarm services from Chad Burford.

3. The purchase of Alarm Monitoring Contracts or similar agreements for the provision of alarm services from Central Security of North La, LLC.

4. The purchase of Alarm Monitoring Contracts or similar agreements for the provision of alarm services from Central Cellular, Inc.

5. The purchase of Alarm Monitoring Contracts or similar agreements for the provision of alarm services from Robert Green.

6. The monitoring of electronic alarm systems on behalf of customers/subscribers of Chad Burford.

7. The monitoring of electronic alarm systems on behalf of customers/subscribers of Central Security of North La, LLC.

8. The monitoring of electronic alarm systems on behalf of customers/subscribers of Central Cellular, Inc.

9. The monitoring of electronic alarm systems on behalf of customers/subscribers of Jayne Green.

10. The monitoring of electronic alarm systems on behalf of customers/subscribers of Robert Green.

In lieu of delivery of actual contracts, a summary of contracts purchased or customer/subscriber accounts monitored (if any) with subscriber names, addresses, date of contracts and monthly monitoring rate may be provided.

STATE OF TEXAS

COUNTY OF DALLAS

      Before me, the undersigned authority, personally came and appeared _____, who, after being duly sworn, did depose and state that he/she is the Custodian of the records of Monitronics International, Inc. ("Monitronics") and that the attached pages that have been numbered _____ through _____, are true and exact copies of all documents responsive to this Subpoena in possession of Monitronics existing to date in the usual and regular order of business of Monitronics, such records dating from _____ through _____ on this the \_\_\_\_\_ day of _____, 2007.

                                              _____
                                              RECORDS CUSTODIAN

      SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public, on this the \_\_\_\_\_ day of _____, 2007.

                                              _____
                                                NOTARY PUBLIC

## **EXHIBIT B**

The term "<u>document</u>" is intended to have the broadest possible meaning and is to include anything coming with the definition of "writings" and "recordings" set forth in Rule 1001(1) of the Federal Rules of Evidence, and shall include the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, or graphic matter, however produced or reproduced, in your actual or constructive possession, custody, or control, including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, computer records, electronic mail reocrds, data compilations (whether tangible or intangible, from which information can be obtained or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes, diaries, papers, letters, communications, telegraphs, messages of any kind, minutes of meetings, stenographic, typewritten or handwritten notes, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, xerox or any other tangible things which constitute or contain matters within the scope of the Federal Rules of Civil Procedure. The term "document" includes any files in which any responsive documents are located.

The term "<u>pertaining to</u>" means commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, and should be construed in the broadest sense of the term.

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

3-07MC0044-M

RECEIVED APR 27 2007 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## I. (a) PLAINTIFFS
Monitronics International, Inc.

## DEFENDANTS
Security Alarm Financing Enterprises, L.P.

**(b)** County of Residence of First Listed Plaintiff ___Dallas___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ___Contra Costa___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Benjamen S. Dyer; Culp, Dyer & Halpern LLP
222 E. McKinney St., Suite 210, Denton, Texas 76201; (940) 484-2236

Attorneys (If Known)
Michael Adams; Blanchard, Walker, O'Quin, & Roberts

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: FRCP 26; Motion for Protective Order relating to subpoena on discovery

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions):
JUDGE Robert G. James
DOCKET NUMBER 3:06CV713

DATE: April 27, 2007

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____